UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                          Case No. 24-CR-20581

v.                                                                HON. JONATHAN J.C. GREY

AARON DAVIS,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S ORAL MOTION FOR DISCOVERY (No. 34)**

This is a gun case, and a discovery dispute has arisen. According to a criminal complaint, on September 16, 2024, Aaron Davis allegedly pointed a gun at a man. (ECF No. 1) Responding police officers allegedly saw Davis — who matched the description of the gunman — but Davis fled and threw a gun during his flight. (*Id.*) After his ultimate arrest and officers' alleged retrieval of the gun, on October 15, 2024, a grand jury indicted Davis for being a felon in possession of a firearm. (ECF No. 14.) Davis seeks to present a necessity defense at trial, arguing that he took the gun from his suicidal girlfriend's hands to protect her and did not

possess it any longer than necessary.[1] (ECF No. 27.) Davis contends that prosecutors have failed to provide requested discovery materials, consisting of the girlfriend's conflicting statements to law enforcement officers. The government informed Davis that the girlfriend's first statement supports his necessity defense but six days later she recanted and stated that she had lied to protect him due to fear and past violence inflicted upon her by Davis.[2] (ECF No. 37.) While it has not determined whether it will call the girlfriend at trial, the government plans to provide the conflicting statements to Davis two weeks before trial, including a transcription of the statements, and contends that no earlier disclosure is required. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

I. ANALYSIS

Evidence favorable to a criminal defendant that is material to his guilt, known as *Brady* material, must be disclosed by the government "in time for its effective use at trial." *United States v. Presser*, 844 F.2d 844 F.2d 1275, 1283 (6th Cir. 1988); *see generally Brady v. Maryland*, 373

---

[1] The motion to introduce a necessity defense at trial remains pending.
[2] The Court reviewed *in camera* materials consisting of two recordings and two reports of investigation by federal agents.

U.S. 83, 87 (1963) (announcing the *Brady* Rule and its due process guarantee). In addition to *Brady*, prosecutors must also follow *Giglio v. United States*, which requires disclosure of impeachment material of a government witness. *Giglio v. United States*, 405 U.S. 150 (1972).[3] Further, Federal Rule of Criminal Procedure 16 requires that, upon request, the government disclose "item[s] . . . material to preparing the defense or the government intends to use the item in its case-in-chief at trial." *United States v. Garrison*, 839 F. App'x 968, 980 (6th Cir. 2020); Fed. R. Crim. P. 16(a)(1)(F)(iii).

Lastly, the Jencks Act requires the government to produce statements of government witnesses upon a defendant's request. 18 U.S.C. § 3500(a). Jencks Act statements are those made under oath, verbatim statements, and statements "signed or otherwise adopted or approved" by the witness. *Id.* at 3500(e). Production of Jencks Act statements is only required after the witness testifies at trial. *Id.* at § 3500(b); Fed. R. Crim. P. 26.2(a). If *Brady* material falls under the Jencks Act, Jencks Act procedures govern the production of such material.

---

[3] United States Department of Justice policy encourages prosecutors to err on the side of disclosing likely exculpatory and impeachment material. https://www.justice.gov/jm/jm-9-5000-issues-related-trials-and-other-court-proceedings#9-5.001 (last visited April 22, 2025).

3

*Presser*, 844 F.2d at 1283.

In *United States v. Hayes*, United States Magistrate Judge Stephen Whalen compelled pre-trial disclosure of a witness' impeachment material where prosecution rested on a single witness. 376 F. Supp. 2d 736, 738 (E.D. Mich. 2005). The requested material did not fall under the Jencks Act. *Id.* at 740. Judge Whalen found that the Court had discretion to compel pre-trial disclosure to prevent a constitutional violation. *Id.* at 740; *see also United States v. Hart*, 760 F. Supp. 653, 655 (E.D. Mich. 1991). However, in *United States v. Silber*, Judge Whalen denied a request for pre-trial disclosure of impeachment material where multiple witnesses implicated the defendant, the expected government witnesses were not critical to the government's case like in *Hayes*, and the defendant had a summary of what the government expected the witness to say. 2010 WL 931856, **1–3 (E.D. Mich. 2010).

Here, the two reports of investigation written by ATF agents are not verbatim statements or statements "signed or otherwise adopted or approved," so they are not covered by the Jencks Act. *See Garrison*, 839 F. App'x at 979. Indeed, the documents include a statement that they are "not intended to be a verbatim or transcribed account." February 12, 2025

4

and February 18, 2025 ATF Reports of Investigation. While the girlfriend may not be the sole witness implicating Davis, this case is closer to *Hayes* than *Silber*, and the Court finds that the conflicting statements captured in the ATF reports sufficiently invoke the specter of *Brady* and *Giglio*, such that disclosure of these non-Jencks materials must be produced. However, given the nature of this case, including that the summarized oral and written disclosures already were provided to the defense via direct notice and in the government's brief, the Court finds the government's proposal to produce the reports two weeks before trial reasonable. *See United States v. Mills*, 2019 WL 549171, *1, *3 (E.D. Mich. Feb. 12, 2019) (noting the court's authority to avoid a constitutional violation by ordering pre-trial disclosure of *Brady* material and requiring its production **sixty days before trial** in an eleven defendant RICO case); *see also Hayes* (requiring *Giglio* disclosure **four days before trial** in felon in possession of a firearm case).

Since the recordings are verbatim statements of the witness, the Jencks Act governs, and this Court will not order disclosure now. *See Presser*, 844 F.2d at 1283. However, the Court notes that the government offered to provide the recordings and transcriptions at the same time it

5

provides the ATF reports, two weeks before trial. The Court adopts the government's proposal to do so.

## II. CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Oral Motion for Discovery and Protective Order (ECF No. 34) is **GRANTED IN PART and DENIED IN PART**.

**IT IS ORDERED** that the government shall provide the ATF reports two weeks before trial with the use of a protective order to address privacy or safety concerns as agreed by the parties.

**IT IS ORDERED** that the government shall provide the recordings and accompanying transcriptions subject to a protective order two weeks before trial, as the government proposed.

**IT IS SO ORDERED.**

April 22, 2025                     **s/Jonathan J.C. Grey**
                                   JONATHAN J.C. GREY
                                   UNITED STATES DISTRICT JUDGE

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2025.

**s/ S. Osorio**
Sandra Osorio
Case Manager
